IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY J. CALAHAN, ) | |
| ID # 336436, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:06-CV-1438-M (BH) |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a parole revocation proceeding that occurred in Dallas County, Texas on December 15, 2005. (Pet. Writ of Habeas Corpus (Pet.) at 2, 5.) Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Statement of the Case**

On December 15, 2005, the State revoked petitioner's parole. (Pet. ¶ 13.) Although petitioner has filed a state application for writ of habeas corpus to challenge his parole revocation,

it has not yet been forwarded to the Texas Court of Criminal Appeals. (*Id.* ¶ 11 (showing no resolution by Texas Court of Criminal Appeals); Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Calahan&Style_2=&COACaseNumberNo=&Submit1=Search (accessed October 1, 2006) (showing no pending state application for writ of habeas corpus for petitioner). Petitioner concedes, furthermore, that he raises some claims for the first time in his federal petition for writ of habeas corpus. (Pet ¶ 22.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254 when challenging a conviction, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present claims that challenge his conviction to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

In this case, the Texas Court of Criminal Appeals has not had an adequate opportunity to address petitioner's state application concerning his parole revocation. A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). It is well-settled that federal courts can dismiss without prejudice a federal petition for

writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). In this instance, a ruling from the federal court before the Court of Criminal Appeals has had an adequate opportunity to review the claims raised before it would preempt the state court from performing its proper function. *See id.* at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies, and the Court should dismiss this action.

### III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 3rd day of October, 2006.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE